BERANEK, Judge.
This is an appeal by a workmen’s compensation insurance carrier, Continental Insurance Company, from an order entered by the Circuit Court on equitable distribution of a personal injury settlement as provided by Section 440.39(3)(a), Florida Statutes (1975). The Circuit Court denied the carrier’s petition for equitable distribution of the plaintiff/worker’s recovery in his suit against a third party tortfeasor. We reverse.
The plaintiff/appellee sustained injuries in a work related accident in November, 1974, within the coverage of appellant, Continental Insurance Company. The appellee sustained additional injuries in a subsequent automobile accident in October, 1975, which was not within the insurance coverage of appellant.
The injured employee filed a suit to recover for personal injuries against a third party tortfeasor involved in the earlier accident. After a settlement of the claim against the third party tortfeasor, the trial court was called upon to determine equitable distribution under the workmen’s compensation law. In doing so, the trial court considered the combined effects of both accidents in concluding that the employee “did not recover the full value of damages sustained.” In considering the combined effects of both accidents, the trial court erred. The order on equitable distribution denying appellant any recovery whatsoever is vacated and the cause remanded for further proceedings consistent with the above-cited statute and this opinion.
REVERSED AND REMANDED.
HERSEY and GLICKSTEIN, JJ„ concur.