LEHAN, Judge.
We affirm the trial court’s ruling that the subrogation rights provided to a workman’s compensation insurance carrier pursuant to section 440.39, Florida Statutes (1985), for workman’s compensation benefits paid to an employee do not, under the terms of the statute, arise against a recovery by the employee from a third party tortfeasor when the employee was injured by the third party tortfeasor while not in the course of his employment.
We do not agree with appellant’s apparent argument that Continental Insurance Co. v. Castora, 385 So.2d 175 (Fla. 4th DCA 1980), says otherwise. It is true that in Castora the carrier’s subrogation rights were not allowed to be reduced by reason of an accident to the employee which was not in the course of his employment. But that case, in contrast to the case at hand and consistent with section 440.39, involved principally a carrier’s subrogation rights in a suit against a third party tortfeasor for injuries from an accident to the employee occurring in the course of his employment.
The argument that the carrier should have subrogation rights against the employee’s recovery for injuries suffered in an accident which did not occur in the course of his employment when injuries from that accident are aggravated by a work related injury is more properly addressed to the legislature. See Security Mutual Casualty Co. v. Grice, 172 So.2d 834 (Fla. 2d DCA 1965).
Affirmed.
SCHOONOVER, A.C.J., and • SANDERLIN, J., concur.